Gerard F. Smith, Esq. (GS-1657)
PEZOLD, SMITH, HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, New Jersey 07834
(973) 586-6700

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

―――――――――――――――――――――――X

HARTFORD FIRE INSURANCE CO. a/s/o    :    **Civil Action No.**
Pfister Energy, Inc.,
                                     :
          Plaintiff,
v.                                        **COMPLAINT**
                                     :
LOGISTICS PLUS, INC.,
J.R.C. TRANSPORTATION, INC.,
VELVAR TRUCKING, INC. and XYZ Corp.,  :

          Defendants.                 :
―――――――――――――――――――――――X

The plaintiff, HARTFORD FIRE INSURANCE CO. a/s/o PFISTER ENERGY, INC., ("HARTFORD" and "PFISTER" respectively), complaining of the above-named defendants, alleges upon information and belief:

### PARTIES

1. At and during all times hereinafter mentioned, plaintiff, HARTFORD, was and is a domestic insurance company authorized to conduct business of insurance within the State of New Jersey.

2. At and during all times hereinafter mentioned, HARTFORD'S insured/subrogor, PFISTER ENERGY, has its principal place of business at 57 Goffle Road, Hawthorne, New Jersey 07506.

3. Upon information and belief and at all times hereinafter mentioned, LOGISTICS PLUS, INC. ("LOGISTICS PLUS") has an office and place of business at 1045 Peach Street, Erie, Pennsylvania 16501, and is authorized under MC No. 351651 of the Federal Motor Carrier Safety Administration, as a licensed broker.

4. Upon information and belief and at all times hereinafter mentioned, J.R.C. TRANSPORTATION, INC., ("JRC") has an office and place of business at 47 Maple Avenue, Thomaston, Connecticut 06787, and is a licenced motor carrier authorized under MC No. 180511 by the Federal Motor Carrier Safety Administration,

5. Upon information and belief, and at all times hereinafter mentioned, VELVAR TRUCKING, INC., has an office and place of business at 1508 Dewitt Terrace, Linden, New Jersey 07036, and is a licenced motor carrier authorized under MC No. 801336 by the Federal Motor Carrier Safety Administration.

6. Upon information and belief, at and during all times hereinafter mentioned, XYZ Corp. was either an motor carrier, ocean carrier, surface carrier, NVOCC, freight forwarder, and otherwise handled, carried or transported the goods, which are the subject of this lawsuit.

## JURISDICTION AND VENUE

7. This action seeks recovery of a claim for damaged and/or loss of freight in transit, pursuant to 28 U.S.C. § 1337, as this action involves the liability of a motor carrier under 49 U.S.C. § 14706 (the "Carmack Amendment") and the amount in controversy exceeds $10,000, exclusive of interest and costs. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question).

8. Venue is otherwise proper in the United States District Court for the District of New Jersey, since the defendants regularly and systematically conducted business within the State of New Jersey and/or contracted to supply goods or services within the State of New Jersey such that valid service of process was or could have been made on the defendants in this district.

## STATEMENT OF THE CLAIM

9. On or before February 13, 2017, plaintiff's insured, Pfister, contracted with Logistics Plus, Inc., to transport its IEM Power Systems Switchboard "SB-01" (hereinafter "Shipment" or "Switchboard") from Pfister's facility in Hawthorne, New Jersey to 327 South River Road, Tolland, Connecticut.

10. Plaintiff's insured, Pfister, directed Logistics Plus to tarp the Switchboard while in transit.

11. Logistics Plus, Inc., contracted with defendant, JRC to transport the Shipment from Hawthorne, New Jersey to Tolland, Connecticut.

12. Defendant, JRC, thereafter gave the shipment to defendant Velvar Trucking, Inc. for delivery of the Switchboard from New Jersey to Connecticut.

13. On or before February 13, 2017, the Switchboard at issue was tendered to defendants in good order and condition, under **Logistics Plus, Inc.'s' Bill of Lading No. DTX401264, Shipment No. 401264.**

14. On or about February 13, 2017, a survey determined the Switchboard sustained damage while in transit.

15. Defendants and each of them failed to tarp the shipment, as requested by the plaintiff's insured, Pfister, and thus, the Switchboard sustained damaged while in transit.

16. As a result of defendants' and each of them, failed to deliver the Shipment in good order and condition at destination, and were otherwise negligent.

17. Wherefore plaintiff has sustained actual damages in the amount of **$45,743.00**.

## FIRST COUNT
## (COMMON LAW BREACH OF CONTRACT)

18. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 17 as if fully set forth herein.

19. Plaintiff's insured and defendants entered into a contract to provide transportation services including a common law contract for carriage and/or bailment, and to tarp the load as per the instructions of Plaintiff's insured.

20. Defendants and each of them breached their common law contract to provide transportation services, the contract for carriage and/or bailment by failing to tarp the load and to deliver the shipment in good order and condition and, as a result of which, plaintiff's insured's merchandise was greatly depreciated in value and plaintiff's insured lost the use of same, for which it claims damages.

21. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages for breach of contract, together with interest thereon from the date the shipment was delivered.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages in the amount of **$45,743.00**, together with interest, costs of suit, and attorney's fees.

## SECOND COUNT
## (CARMACK)

22. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff and defendants entered into a contract for motor carriage pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment").

24. Defendants and each of them breached their contract for motor carriage by failing to deliver the shipment in good order and condition and, as a result of which, plaintiff's merchandise was greatly depreciated in value and plaintiff lost the use of same, for which it claims damages.

25. As a result of defendants' conduct and actions, defendants and each of them are liable to plaintiff for its full, actual damages as carriers and/or freight forwarders pursuant to the Carmack Amendment, together with interest thereon from the date the shipment was delivered.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages, together with interest, costs of suit, and attorney's fees.

### THIRD COUNT
### (MAP – 21 as to Defendant, JRC)

26. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 25 as if fully set forth herein.

27. Defendant, JRC, was at all times material motor carrier licensed and registered to operate as an interstate motor carrier of cargo for hire.

28. Defendant, JRC, was retained as a motor carrier for the transport of the Switchboard at issue from origin to destination as set out under Logistics Plus, Inc.'s Bill of Lading No. DTX401264, Shipment No. 401264.

29. Defendant, JRC, at all times material held itself out as a motor carrier for hire.

30. In contravention of the contract of carriage and its holding itself out as a motor carrier, Defendant, JRC did not act or perform as a motor carrier with respect to the shipment at issue, rather, it illegally and wrongfully "double" brokered the shipment to another motor carrier, Velvar Trucking, Inc.

31. Pursuant to its agreement to transport the Shipment at issue as a motor carrier, defendant, JRC, failed to specify in writing that it was in fact acting as a broker.

32. Defendant's actions and/or inactions are a violation of the Moving Ahead For Progress in the 21st Century Act, 49 U.S.C. 13901 *et seq.* ("MAP – 21").

33. As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff has been damaged.

34. Defendant is liable to the Plaintiff for the loss and damages pursuant to MAP - 21 and federal common law related thereto.

35. The penalties for unlawful brokering are up to $10,000. The statute also provides for potential full liability against the carrier for violations.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages in the amount of **$45,743.00**, together with interest, costs of suit, and attorney's fees.

### FOURTH COUNT
### (INTERFERENCE WITH CONTRACTUAL RELATIONS as to JRC)

36. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 35 as if fully set forth herein.

37. On or about the dates and times set forth above, and at other times, the defendant, JRC, improperly and wrongfully double-brokered, and without the permission of Shipper, transferred the goods to, or otherwise, engaged the services of the defendant, Velvar Trucking, Inc. to carry plaintiff's insured's goods and/or to arrange for the transportation of plaintiff's insured's goods with the defendant, Velvar Trucking, Inc.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, for damages in the amount of **$45,743.00**, together with interest, costs of suit, and attorney's fees.

## CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES

The undersigned counsel hereby certifies, in accordance with Local Civil Rule 11.2, that the matter in controversy is not the subject to any other action pending in any Court and is likewise not the subject of any pending arbitration proceeding or administrative proceedings.

Dated: June 4, 2018

Gerard F. Smith, Esq. (GS-1657)
PEZOLD SMITH HIRSCHMANN & SELVAGGIO, LLC
One Broadway, Suite 201
Denville, New Jersey  07834
(973) 586-6700
*Attorneys for Plaintiff*